UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLLEEN NICOLE PITTS and<br>AMANDA CARLENE PITTS,<br><br>Plaintiffs,<br><br>VICTOR HILL, Individually and<br>in his capacity as Sheriff of Clayton<br>County, Georgia<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>) Case 1:21-cv-05055-ELR-RGV |

## MOTION TO STAY PROCEEDINGS

COMES NOW Defendant Victor Hill ("Defendant" or "Hill"), and moves the Court to stay all proceedings here until either Governor Brian Kemp appoints a temporary replacement officer for Defendant Hill to serve as Sheriff of Clayton County or the criminal process of the felony indictment of Defendant Hill runs its course, showing the Court as follows:

1.

On April 19, 2021, a federal grand jury issued a four-count, criminal felony indictment of Victor Hill. See United States v. Victor Hill, 1:21-cr-00143-ELR-CCB (N.D. Ga. Apr. 19, 2021). Governor Brian Kemp then received a certified copy of the indictment on April 29, 2021. See **Exhibit A** - Executive Order No. 05.19.21.01.

-1-

Following his receipt of the indictment, Governor Kemp issued an Executive Order on May 21, 2019, appointing a commission to review the indictment and whether the "sheriff should be suspended from office as required by O.C.G.A. § 45-5-6(c)." Id.

2.

Under Georgia law, upon a recommendation of suspension from an appointed review commission, the governor may suspend a public officer indicted on felony charges pending either the outcome of the criminal case or upon the end of the officer's term of office, whichever of the two occurs first. O.C.G.A. § 45-5-6(c). On June 1, 2021, the Review Commission found that "the indictment of Victor Hill does relate to and does adversely affect the administration of the office of Sheriff" recommending that "Victor Hill be suspended from office pursuant to the provisions of O.C.G.A. § 45-5-6." See **Exhibit B** - Executive Order No. 06.02.21.01.

3.

On June 2, 2021, Governor Kemp "suspended [Hill] from office … without further action pending the final disposition of the case or until the expiration of his term of office, whichever occurs first, as provided in O.C.G.A. § 45-5-6(c)." See **Exhibit B** - Executive Order No. 06.02.21.01. Governor Kemp suspended Hill by this provision, but did not appoint a replacement. See Ex. B.

4.

Following suspension of a public official, Georgia law requires that "[f]or the duration of any suspension of any other public official under this Code section, a replacement officer for the public official shall be appointed as provided for in any applicable general or local law governing the filling of a temporary vacancy in the public office affected." O.C.G.A. § 45-5-6(d)(1). However, if the filling of a temporary vacancy is not provided for by "general law, local law, ordinance, or resolution", then, in such cases, ***"the Governor shall appoint a replacement officer for the public official suspended."*** Id. However, because no such general or local law applies to the temporary vacancy caused by the suspension and because Governor Kemp did not appoint a replacement officer, it is impossible for any person to currently "hold the office of sheriff" in Clayton County. O.C.G.A. § 15-16-1(c)(1). No case authority exists addressing this circumstance or the statutory construction of O.C.G.A. § 45-5-6(d)(1) or O.C.G.A. § 15-16-8(a)

5.

Although Victor Hill was suspended on June 2, 2021, as of today, the office of sheriff in Clayton County, Georgia, is vacant. As a result, Defendant cannot, as a client, carry out the function of "[t]he normal client-lawyer relationship … based on the assumption that the client, when properly advised and assisted, is capable of

making decisions about important matters."[1] Therefore Defendant, as a suspended county constitutional officer, cannot make decisions in this litigation, which will necessarily have an impact on the liability of the Sheriff's Office of Clayton County as well as Clayton County itself, which is required by State law to provide for the budget of that office from tax revenue.[2]

6.

The vacancy in the office of sheriff for Clayton County presents ethical and logistical concerns as no individual is currently authorized to direct Defendant's legal strategy. As a result, staying this civil action until either Governor Brian Kemp appoints a temporary replacement officer for Defendant Hill to serve as Sheriff of Clayton County or the criminal process of the felony indictment of Defendant Hill runs its course serves the interests of justice and economy. Every other judge considering this type of motion has similarly stayed pending cases involving Sheriff Hill. See Kyetha Sweeting v. Victor Hill, 1:19-cv-02200-JPB- LTW (N.D. Ga. May 15, 2020) at Doc. 71; Vincent Handsford v. Victor Hill, 1:19 cv-05746-JPB (N.D.

---

[1] Ga. Bar Rule 1.14, n.1.

[2] O.C.G.A. § 48-5-220; Lake v. Skelton, 840 F.3d 1334 (11th Cir. Ga. 2016) (Explaining that adverse federal court judgments against sheriffs in their official capacities are satisfied by budgets of the office of the sheriff and are thus paid from county funds).

Ga. Dec. 20, 2020) at Doc. 75; Stephanie Campbell v. Victor Hill, 1:21-CV-01471-CAP CCB, (N.D. Ga. Nov. 12, 2021) at Doc. 15.

7.

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)) (alteration omitted). "Courts have the inherent power to control their own dockets, including the power to stay proceedings." Collegiate Licensing Co. v. Am. Case. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012); Franklin v. Atl. Credit & Fin., No. 1:19-cv-03696-LMM-AJB, 2020 U.S. Dist. LEXIS 255762, at *8 (N.D. Ga. Apr. 19, 2020).

8.

A stay is proper in this case because no person occupies "the office of sheriff" for Clayton County, therefore no person can serve as the client overseeing the litigation, authorizing settlement, or directing legal counsel on trial strategy. Accordingly, moving forward with discovery (let alone the required Rule 26 conference at which settlement is required to be discussed) will cause irreparable prejudice to both parties and implicate ethical and professional issues. Defendant

and his counsel therefore respectfully submits that this stay is not for the purpose of undue delay, will not prejudice any party, and should be promptly granted.

This 11th day of April, 2022.

                                                Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ John D. Bennett*
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Kathleen A. Taylor
Georgia Bar. 973286
katie.taylor@fmglaw.com
*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960

## CERTIFICATE OF COMPLIANCE

I certify that I have prepared this document in Times New Roman, 14-point font, and that this document otherwise complies with Local Rule 5.1(C).

Respectfully submitted this 11th day of April, 2022.

                                        **FREEMAN MATHIS & GARY, LLP**

                                        */s/ John D. Bennett*
                                        John D. Bennett
                                        Georgia Bar No. 059212
                                        jbennett@fmglaw.com
                                        Kathleen A. Taylor
                                        Georgia Bar. 973286
                                        katie.taylor@fmglaw.com
                                        *Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| COLLEEN NICOLE PITTS and AMANDA CARLENE PITTS, </br></br>Plaintiffs, </br></br>VICTOR HILL, Individually and in his capacity as Sheriff of Clayton County, Georgia </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION FILE NO. </br>Case 1:21-cv-05055-ELR-RGV |

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically submitted the foregoing **MOTION TO STAY PROCEEDINGS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record is:

SEXTON LAW FIRM, LLC
Jacob A. Weldon, Esq.
124 Atlanta Street
McDonough GA 30253

This 11th day of April, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ John D. Bennett*
John D. Bennett
Georgia Bar No. 059212

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960

jbennett@fmglaw.com
*Attorney for Defendant*